UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHALEDEEANNKA DEBORAH ANN
WILLIAMS GOYENS-BELL-EBERWEIN,
et al.,

    Plaintiffs

v.

BRUCE T. BEESLEY, et al.,

    Defendants

Case No.: 3:23-cv-00603-ART-CSD

**Order**

Re: ECF Nos. 1, 4, 9, 11

## I. THE FILINGS IN THIS CASE

This action was initiated by the filing of an application to proceed *in forma pauperis* (IFP). (ECF No. 1.) The court cannot tell, however, who it is that is initiating this action. The name "Chaledeeannka Deborah Ann Goyens Bell Eberwein" appears at the top of the application, but then the caption lists M.M.I dba Swords to Plow Shares as the Plaintiff and Chaledeeannka Deborah Ann Goyens and Robert D. Eberwein as defendants.

The IFP application is interspersed with and followed by roughly a hundred of pages of documents, none of which is a complaint. There are pages from various court filings in other cases in other districts and state courts. For example, there is a page from a court filing involving Robert Eberwein; a case in the Superior Court of California involving Zera Helia Damas and Kamaal R. Goyens, where Chaledeeannka is listed as the document preparer; a docket sheet from an adversary case in bankruptcy court against Chaledeeannka Deborah Ann Williams Goyens Bell Eberwein; documents regarding an eviction judgment in California in 2017; a judgment for an unlawful detainer action in California Superior Court, County of San Francisco, from

November 2023, which lists UMI Hospitality, Inc. as the plaintiff and Chaledeeannka Goyens as the defendants; an order from U.S. Bankruptcy Judge Bruce T. Beesley dismissing a bankruptcy case in September 2019; an order from the U.S. Bankruptcy Court for the Southern District of New York In re: Robert Daniel Eberwein and Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, case 12-11580 (SHL) and adversary proceeding 12-01901 (SHL).

There are documents concerning medical appointments at the Department of Veterans' Affairs (VA) Medical Center in San Francisco for Chaledeeannka D. Goyens. (ECF No. 1 at 4-7, ECF No. 1-3 at 15.) There are W-2G and winnings statements from San Pablo Lytton Casino for Chaledeeannka D Goyens and Chaledeeannka Deborah Ann Goyens from 2015, 2016, 2018, January to July 2020 (*id*. at 29-32).

There is a Social Security statement dated September 25, 2019, for Robert D. Eberwein, as well as a 2021 tax return for an exempt business organization for IRA FBO Robert D. Eberwein in Jersey City, New Jersey.

There is also correspondence from Swords to Plowshares, Supportive Services for Veterans and Families Department, dated September 20, 2022, to Ms. Goyens, concerning the emergency housing program to assist veterans in immediate need and a housing opportunity.

On December 6, 2023, a document titled "Plaintiff's Trial Brief" was filed. (ECF No. 4.) This also contains not a trial brief, but various disjointed documents. There is a filing by UMI Hospitality, Inc., against Chaledeeannka Goyens and Robert Eberwein in an unlawful detainer action in the Superior Court of California, County of San Francisco, concerning the Signature Hotel in San Francisco, California, which Goyens and Eberwein were apparently staying

pursuant to placement by Swords to Plowshares (a non-profit agency supporting veterans), but they were not paying rent.[1]

There are records containing room and/or dining charges from the Nugget Casino Resort in Sparks, Nevada, for various dates. There are win/loss statements from the San Pablo Lytton Casino from 2018-2021.

Like the initial filing, there are various pages from court filings. There are also documents concerning Robert Eberwein's eligibility for VA health benefits and bank and financial records. There are medical bills, medical records, and tax documents for Chaledeeannka Goyens. There are also various documents related to a Kamaal Romon Goyens.

On December 22, 2023, a document was filed with a page from a Superior Court of California filing in the action of UMI Hospitality v. Chaledeeannka Goyens, case CUD-23-672394, with the actual title of the document crossed out and handwritten in: "Request for Cancer Housing." (ECF No. 9.) That is followed by 137 pages of various documents, including pages from other court filings,

On January 18, 2024, a "notice of errata" was filed, but it appears to actually be a page of an order from another case, and includes roughly 50 other pages of documents including medical records and medical bills, pages of other court filings, various financial records, instructions to report Social Security income to the VA, and a Veteran Supported Housing declaration. (ECF No. 10.)

On January 19, 2024, a document titled as a "complaint for judicial review of decision of Commissioner of Social Security was filed listing Williams Goyens-Bell Eberwein as the

---

[1] It is asserted that Swords to Plowshares agreed to pay a rent subsidy for a period of time, but then ceased doing so.

3

Plaintiff and Bruce T. Beesley dba the Commissioner of Social Security as the Defendant, but references the Nevada DETR Pandemic Emergency Unemployment Compensation. The document includes correspondence from the Social Security Administration to Chaledeeannka D. Goyens in San Francisco about an application for Social Security Benefits. (ECF No. 11.)

## II. LITIGATION HISTORY

The court takes judicial notice of the decision in the United States Bankruptcy Court for the Southern District of New York in case 12-11580 (SHL) and adversary proceeding 12-01901 (SHL) from June 3, 2013, which is also included with the documents filed to initiate this action. There, the court noted that beginning in 1991 and the time of the decision, in various judicial districts across the county, using various aliases, "Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein" filed 41 bankruptcy cases and 11 adversary proceedings, as well as 12 bankruptcy and civil appeals. Goyens had previously been subject to 180-day order barring future bankruptcy filings entered by the United States Bankruptcy Court for the Eastern District of California on December 20, 2002, in *In re Kamaal Romon Goyens and Chaledeeannka Document Preparer Goyens*, Case No. 02-32909-B-7 (ECF No. 46); a one-year bar order entered by the Northern District of California on January 26, 2005 in *In re Artis Bell*, case 04-32901 (TEC) (ECF No. 19); a prior three-year filing injunction in the United States Bankruptcy Court for the Northern District of California on March 14, 2006, in *In re Artis C. Bell*, case 05-32521 (TEC) (ECF No. 59); a default judgment granting permanent injunctive relief in the United States Bankruptcy Court for the Northern District of California on November 14, 2006, in *Kistler v. Bell*, Adv. Pro. No. 06-3129 (TEC), where Goyens was enjoined permanently from using the name Artis C. Bell or any aliases listed on the caption, and from filing in any United States Bankruptcy Court, any bankruptcy case or adversary proceeding; a default judgment granting

4

permanent injunctive relief prohibiting the provision of document preparer services issued by the United States Bankruptcy Court for the Northern District of California on January 18, 2007 in *Kistler v. Goyens*, in Adversary Proceeding No. 06-3130. Goyens was also on the Vexatious Litigant List maintained by the Judicial Council of the California State Courts, and Goyens had been found in contempt various times for violating the permanent injunctions.

The court noted that Goyens has engaged in conduct disruptive to the court's proceedings. As such, the court in the Southern District of New York permanently enjoined Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein from filing any new bankruptcy case or adversary proceeding in any United States Bankruptcy Court and from filing any document in any other bankruptcy case or adversary proceeding without first obtaining leave of court, and from entering the Office of the Clerk of any United States Bankruptcy Court without first obtaining permission from the chief judge. (ECF No. 1-2.)

The court also takes judicial notice of the decision in *In re Residential Capital, LLC*, 571 B.R. 581 (S.D.N.Y. July 12, 2017), where the Trustee filed a motion for civil contempt. The decision notes that Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein (also referred to as Goyens) and Robert Daniel Eberwein filed a joint voluntary chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York. The Trustee filed an adversary proceeding asserting that Goyens had used 45 different names to file for bankruptcy protection throughout the nation. The court noted that in 2007, the United States Trustee for Region 17, which includes the Northern District of California, the Eastern District of California, and the District of Nevada, obtained a civil contempt order from the United States Bankruptcy Court for the Northern District of California. It also noted the permanent injunction in the 2013 Southern District of New York Bankruptcy case. Once again, Goyens, under that name or any

alias, was permanently enjoined from filing any new bankruptcy case or adversary proceeding in any United States Bankruptcy Court.

### III. DISCUSSION

Preliminarily, as noted above, the court cannot ascertain who is initiating this action, *i.e.,* whether it is Goyens, and if so, under which name or alias. Nor can the court ascertain against whom the action is intended to proceed.

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1.

This action was not initiated by filing an IFP application on the court's form with the required information.

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 7(a). In addition, all filed documents are required to comply with the Local Rules governing the format of papers filed with the court. *See* LR IA 10-1. The first page of every document presented for filing must contain the attorney or pro se party's name, address, phone number and email address; the names of the plaintiff(s), names of the defendant(s), the case number and document title. LR IA 10-2. Exhibits and attachments must be paginated, and the page numbers must be referenced when the exhibit or attachment is cited, and an index of exhibits must be provided. Exhibits must be clearly legible and not unnecessarily voluminous. LR IA 10-3(c), (h).

A proper complaint should include numbered paragraphs that provide: the basis for jurisdiction; a statement of the facts alleged to have caused the damage claimed that are concise

and clearly written including a description of what the defendants did or failed to do and how those acts or omissions caused injury or damage as well as a description of any injury (*i.e.*, what happened, where it happened, when it happened, how it happened and who was involved); the legal basis for the claim (*i.e.*, what rights or laws you believe were violated); and the relief sought. The person filing the complaint must sign and date the complaint and provide their full name, address, and phone number. If there is more than one plaintiff, there must be an original signature for each plaintiff. By signing and filing the complaint, you certify to the court that the statements made in the complaint are true, and that you are not filing the complaint for an improper purpose.

Certain sensitive information cannot be included in documents filed with the court or must be redacted (blackened out), including the full names of any minor children; financial account numbers (except the last four digits); taxpayer identification and Social Security numbers (except the last four digits); dates of birth must include only the year.

A proper complaint has not been filed in this action. There is no document that sufficiently identifies the plaintiff(s) (the person(s) bringing the lawsuit), the defendant(s) (the person being sued), the basis for the court's jurisdiction, the factual allegations and legal basis for the action, that is signed by the filer and complies with the court's formatting requirements.

The court is aware of Chaledeeannka Goyens' (whether under this name or various aliases) prior vexatious litigation conduct. While the court is skeptical that this action is being filed for a proper purpose, in an abundance of caution, the court will provide an opportunity to file a proper application to proceed IFP or pay the filing fee and file an amended complaint that complies with the rules.

Therefore, to the extent any of the filings can be construed as a complaint, they are dismissed with leave to amend.

Finally, to the extent ECF No. 9 was docketed as a motion requesting cancer housing, that motion is denied as there is no operative complaint, and the motion is improperly filed.

### IV. CONCLUSION

The IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. Within **30 days** from the date of this Order, the party initiating this action, which the court presumes is Chaledeeannka Deborah Ann Williams Goyens Bell Eberwein (or some version of those names or one of her aliases) shall file a completed IFP application on the court's form that provides all of the required information and is signed by the party. The application shall *clearly* indicate the name of the plaintiff and set forth, in a footnote, any aliases.

The Clerk shall **SEND** the person initiating this action (presumably Chaledeeannka Deborah Ann Williams Goyens Bell Eberwein (or some version of those names or one of her aliases)) a copy of the instructions and application to proceed IFP for a non-prisoner. The party has **30 days** from the date of this Order to either file his completed IFP application or pay the full $402 filing fee. If the party files a completed IFP application, the court will screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

To the extent that any of the filings thus far (ECF Nos. 1, 1-1 to 1-4, 4, 11) can be construed as a complaint, they are **DISMISSED WITH LEAVE TO AMEND.**

An amended complaint must be filed within **30 DAYS** of the date of this Order correcting the deficiencies noted above. The amended complaint must be complete in and of itself without

referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. The amended pleading shall clearly be titled as the "AMENDED COMPLAINT."

If the party initiating this action fails to timely file a completed IFP application or pay the filing fee or file an amended complaint that complies with the rules, the court will recommend dismissal of this action.

The Clerk shall **SEND** these items to Chaledeeannka Deborah Ann Williams Goyens Bell Eberwein at the two addresses contained in the filings:

259 Kearny Street, # 202, San Francisco, CA 94108 and

465 Evans Avenue, #214, Reno, NV 89501

**IT IS SO ORDERED**.

Dated: February 14, 2024

_____
Craig S. Denney
United States Magistrate Judge